IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RODNEY DANIEL MCLEOD, )
)
      Plaintiff, )
)
v. ) 1:14CV1047
)
WARDEN LINDA SANDERS, )
)
      Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a former federal prisoner and current prisoner of the State of North Carolina, submitted a document labeled as a "Writ of Mandamus Pursuat [sic] to § 2241." In that filing, he asks the Court to order Warden Linda Sanders, warden of a federal detention center in Springfield, Missouri, where Plaintiff was formerly housed, to send him four boxes of his property free of charge. According to Plaintiff, the property remained in Missouri when the federal government released Plaintiff to the custody of North Carolina officials. Plaintiff contends that North Carolina authorities transported Plaintiff, but would not transport all of his property. Defendant is apparently willing to ship the materials, but seeks $216.46 for postage in order to do so. Plaintiff claims that he does not have that money and that refusing to ship his property violates a number of his federal constitutional rights. He seeks a court order for Defendant to either ship his property or pay $150 billion dollars in damages.

Plaintiff's use of "§ 2241" appears to refer to 28 U.S.C. § 2241, which allows for writs of habeas corpus, not mandamus. Plaintiff does not appear to attack his sentence or otherwise seek a writ of habeas corpus. Therefore, his request for relief under § 2241 should be denied. To the extent Plaintiff seeks a writ of mandamus, the Court notes that writs of mandamus may issue under 28 U.S.C. § 1651 in limited circumstances in aid of the court's jurisdiction. Writs of mandamus may also issue pursuant to 28 U.S.C. § 1361 "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." This is closer to Plaintiff's request. However, a writ of mandamus is an extraordinary remedy, and to obtain a writ of mandamus, Plaintiff would have to show that there are no other means of obtaining relief, that he has a "clear and indisputable" right to the writ, and that "the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010); Simmat v. United States Bureau of Prisons, 413 F.3d 1225 (10th Cir. 2005). Moreover, Plaintiff seeks damages, at least in the alternative, which are not properly part of any mandamus action, but would instead need to be sought in an action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[1] Given the very unclear nature of Plaintiff's filing and the fact that the he alleges violations of his constitutional rights, the Court has treated the filing as a civil rights complaint under 42 U.S.C. § 1983 or Bivens. However, Plaintiff's present Complaint cannot be further processed because:

---

[1] To the extent Plaintiff claims that his federal statutory or constitutional rights have been violated by state or local officials, he would need to proceed pursuant to 42 U.S.C. § 1983.

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2. The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(e).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms (which Plaintiff may use to file a § 1983 or Bivens action and, if appropriate, seek injunctive relief under § 1361), instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Federal Rule of Civil Procedure 8 (*i.e.,* Sections (a) & (d)). To the extent Plaintiff chooses to file a new Complaint, the Court notes that it appears that he is housed in the Eastern District of North Carolina, that Defendant Sanders is located in the Western District of Missouri, that the events challenged in the Complaint occurred in Missouri, and that any potential state defendants may well be located in the Eastern District of North Carolina. There is no clear connection between this District and the events set out in the Complaint or any potential defendants. Plaintiff mentions the fact that he was convicted in this District of a federal crime, but any dispute concerning his property is not directly connected to that conviction. Therefore, Plaintiff should ensure that any action he files is in a proper venue.[1]

---

[1] If Plaintiff chooses to re-file his complaint here in this District, he should correct all of the matters noted above and should also include a statement addressing the proper venue in this case, for the Court's

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Federal Rule of Civil Procedure 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper forms and in a proper district, which corrects the defects cited above.

This, the 16th day of January, 2015.

                                                 /s/ Joi Elizabeth Peake
                                                 United States Magistrate Judge

---

consideration in determining whether this case must be transferred to a proper district pursuant to 28 U.S.C. § 1406, or should be transferred in the Court's discretion pursuant to 28 U.S.C. § 1404.